IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| GARY L. REINERT, SR., | : | Bankruptcy No. 11-22840JAD |
| Debtor. | : | Chapter 7 |
| | : | |
| METAL FOUNDATIONS ACQUISITION, LLC, | : | Adversary No. 11-2656JAD |
| Plaintiff | : | Related to Document No. 141 |
| v. | : | |
| GARY L. REINERT, SR., | : | |
| Defendant | : | |

## MEMORANDUM

The matter before the Court is defendant Gary L. Reinert, Sr.'s *Emergency Motion For Sanctions For Failure to Prepare Rule 30(B)(6) Witness Pursuant to Fed. R.Civ. P. 37(d)* against plaintiff Metal Foundations Acquistion, LLC ("MFA").[1] For the reasons stated below Defendant Gary L. Reinert Sr.'s Motion is denied.

### I.

On August 13, 2012 with less than two weeks before trial, Gary L. Reinert Sr. ("Reinert"), Noticed Geoffrey Feidelberg ("Feidelberg") and Dennis Zeszutek ("Zeszutek") for Depositions pursuant to Federal Rule of Civil Procedure 30(b)(6).

---

[1] Federal Rule of Civil Procedure 37(d) is incorporated to bankruptcy proceedings by operation of Bankruptcy Rule 7037.

-1-

Zeszutek was deposed on August 20, 2012 from 9:30 A.M. to 2:46 P.M; Feidelberg was deposed on August 21 from 1:40 P.M. and to 4:30 P.M.

Reinert filed his *Emergency Motion For Sanctions* on August 24, 2012, wherein Reinert alleges that both Feidelberg and Zeszutek were uprepared to give testimony within the scope of Defendant's 30(b)(6) notice and /or provided evasive responses to questions within the scope of the notice. (See Doc. # 141, p. 1). Reinert requests that this Court "sanction [MFA] by preventing it from adopting evidence that materially alters or supplements testimony provided in Zeszutek and Feidelberg's Fed. R. Civ. P. 30(b)(6) deposition[s]" and by requiring MFA to pay Reinert's attorney's fees.

Reinert's rquested sanctions are not appropriate because of the short time period given to MFA to prepare its Rule 30(b)(6) witness and because Reinert had the ability to impeach the witnesses. For these reasons, and because other relief is inappropriate here, Reinert's *Emergency Motion for Sanctions* is denied.

## II.

Federal Rule of Civil Procedure 30(b)(6) states:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. ***The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.*** A subpoena must advise a nonparty organization of its duty to make this designation. ***The persons designated must testify***

>  ***about information known or reasonably available to the organization.*** This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30 (emphasis added). Under Federal Rule of Civil Procedure 37(d), a court may order sanctions if a person designated under Rule 30(b)(6) fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37.

Corporate representatives being deposed pursuant to Rule 30(b)(6) "must testify about information known or reasonably available to the organization." A party, "[u]nless it can prove that the information was not known or was inaccessible, [...] cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition. Rainey v Am. Forest & Paper Ass'n, Inc. 26 F. Supp. 2d 82, 94 (D.D.C. 1998). "There is no obligation to produce witnesses who know every single fact, only those that are relevant and material to the incident or incidents that underlie the suit...."absolute perfection in preparation is not required." Costa v. County of Burlington 254 F.R.D. 187, 190 (D.N.J. 2008), citing Wilson v. Lakner, 228 F.R.D. 524, 528-29, n. 7 (D.Md. 2005).

However, while absolute perfection is not required, the Third Circuit has held that the inability to provide useful information can equate to the failure to appear for purposes of Rule 37(d). For example, the court in Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., asserting that "the purpose behind Rule 30(b)(6) undoubtably is frustrated in the situation in which a corporate party

produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf," held that "if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it. 228 F.3d 275, 301-05 (3d Cir. 2000). Thus, "producing an unprepared witness is tantamount to failure to appear that is sanctionable under Rule 37(d). Black Horse, 228 F.3D at 305, citing United States v. Taylor, 166 F.R.D. 356, aff'd, 166 F.R.D. 367 (M.D.N.C. 1996).

In the instant case, this Court Issued an Order on June 19, 2012 setting an evidentiary hearing for August 27, 2012, with discovery closing on August 13, 2012. A subsequent order extended the deadline for discovery to be complete to August 23, 2012. Both Zeszutek and Feidelberg were noticed for their depositions on August 13 and they were taken on August 20, 2012 and August 21, 2012 respectively. Both Deponents had a relatively short time to prepare for their depositions.

Within Reinert's request for this Court to preclude MFA from adopting evidence that materially alters or supplements Zuszutek and Feidelberg's testimony, Reinert specifically requests that this Court preclude MFA from offering any evidence that employees regularly signed non-disclosure agreement prior to November 8, 2011, and preclude any evidence about the vibratory method of installation and the push-it machine.

In regards to the non-disclosure agreements, Reinert asserts that Zeszutek viewed computer folders in preparation for his deposition and, since they were named by the individuals who had executed the non-disclosure agreement he knew and could testify concerning who executed the agreements. Reinert contends that since Zeszutek did not view the individual computer files which contained the non-compete agreements, Zeszutek was not adequately prepared. Adequate preparation does not require the deponent to have read each and every non-disclosure agreement. Reinert's own notice of the deposition refers to "[t]he existence of non-disclosure agreements." The notice does not specify the substance of the non-disclosure agreements.

Furthermore, as stated above, a Rule 30(b)(6) witness is testifying on behalf of the corporation. Such testimony is "evidence which like any other deposition testimony, can be contradicted and used for impeachment purposes." Industrial Hard Chrome, Ltd. v. Hetran, Inc., 92 F. Supp.2d 786, 791 (N.D.Ill. 2000). Thus, if either Feidelberg or Zeszutek's testimony during the evidentiary hearing contradicted their testimony from their deposition, this could be used by the Defendant to impeach their credibility. Defendant was given sufficient time during the evidentiary hearing to do this.

Similarly, the witness testimony regarding the vibrator and the push-it machine could have been contradicted. Reinert had the opportunity to impeach the witnesses based on any testimony regarding the vibratory method of

installation and the push-it machine, and was given sufficient opportunity to do so.

In addition, because of the timing of the notices and because Reinert had ample opportunity to impeach, Reinert's request for attorney fees is also denied.

Lastly, other remedies are not appropriate here. When a corporate designee is unable to provide adequate answers in a deposition, courts can require that another witness with sufficient knowledge to be designated by the corporation to be deposed as a additional representative. "If it becomes apparent during the deposition that the designated deponent is unable to respond to the relevant areas of inquiry, then the responding entity has the duty to substitute the designated deponent with a knowledgeable deponent." U.S. ex rel Fago v. M & T Mort. Corp. 235 F.R.D. 11 (D.D. C. 2006).

This was not a viable option as the deposition were taken seven days before the evidentiary hearing and the *Emergency Motion for Sanctions* was filed four days before the evidentiary hearing. Reinert had nearly two months to notice the parties for the depositions, but chose to do so two weeks before the evidentiary hearing. Under these circumstances the deponents' answers were adequate considering their limited time to prepare.

Rule 30(b)(6) requires that corporate representatives testify to matters that are reasonably available to the organization. It does not require the Corporate representative to answer every single question perfectly. MFA called additional

witnesses during the evidentiary hearing, and Reinert had adequate time to cross examine each of MFA's witnesses and to call its own witnesses for direct examination. Furthermore, Reinert provided only a short period of time for MFA to prepare its Rule 30(b)(6) witnesses. For these reasons, Reinert's *Emergency Motion for Sanctions* is hereby denied. An appropriate order will be entered.

Date: 10-15-2012

**JEFFERY A. DELLER**
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
  Brian P. Fagan, Esq.
  Roger M. Bould, Esq.
  Donald R. Calaiaro, Esq.
  Marcus Bentley Schneider, Esq.
  Owen W. Katz, Esq.
  Office of the U.S. Trustee

FILED
OCT 15 2012
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA